ERNESTO FERNANDO SCHLÜTER, Plaintiff and Appellee, *v.* VICENTE SOTO-SAMALOT ET AL., Defendants and Appellants.

No. 4468. Argued January 9, 1928.—Decided May 8, 1928.

*H. Torres Solá* for the appellants. *E. Campos del Toro* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The appellee herein moves for dismissal of the appeal on the ground that the order appealed from is not reviewable.

In the District Court of San Juan a mortgage foreclosure proceeding was brought by Schlüter against Soto and his wife and finally the mortgaged property was conveyed to the plaintiff.

Having been unable to obtain delivery of the property by the defendants, Schlüter moved for and secured from the court an order which reads as follows:

"Considering the foregoing motion and the record of this case, the court sustains the motion and orders that the marshal of this court proceed to eject defendant Vicente Soto Samalot from the property publicly sold to the plaintiff and give possession thereof to the said plaintiff.

"The clerk will issue the proper writ for compliance with this order. San Juan, P. R., July 26, 1927. (Signed) C. Llauger Díaz, Judge."

On July 29, 1927, the defendants moved for reconsideration of that order and the court ruled as follows:

"Ruling on the motion for reconsideration of its order of July 26, 1927, which was argued on September 19 by the parties who offered to submit briefs to the court but have not yet filed them, the court holds that as in its opinion there are no legal grounds to justify vacating its said order of July 26, 1927, the said motion to reconsider is overruled. Let the parties be notified. Done in San Juan, P. R., on October 11, 1927. C. Llauger Díaz, District Judge."

The defendants moved for reconsideration of the foregoing order because they had filed their brief. The court acceded and after again considering the question raised, ruled as follows:

"The court sustains its order of October 11 overruling the motion to reconsider its order of July 26, 1927. Let the parties be notified. San Juan, P. R., November 8, 1927. (Signed) C. Llauger Díaz, District Judge."

Notice of this last order was given to the defendants on November 29, 1927, and they raised the present appeal from that order on December 8, 1927.

The question of whether or not an appeal may be taken from an order reconsidering or refusing to reconsider or vacating or refusing to vacate an appealable order or judgment has occupied the attention of the court on repeated occasions. Its answer depends greatly on the circumstances of each case.

The rule is that the appeal should be taken from the judgment or from the order itself and not from the ruling on a motion to reconsider. Only in exceptional cases can the rule be ignored.

In this particular case the right to appeal from the order of July 26, 1927, is doubtful. But admitting that it were clear, the party who felt aggrieved should have appealed from it directly to this court. They had knowledge of it in time, for it was three days after the date of the order when the motion for reconsideration was made.

But there is still more. Not only did the party not appeal directly, but after the' motion to reconsider had been decided against them on October 11, 1927, they repeated it in the district court and after having considered the case again, the court ratified its former order on November 8, 1927, and it is from this ruling that the appeal is taken.

In support of their appeal the appellants invoke the case of *Delgado et al.* v. *Cárdenas,* 34 P.R.R. 233, which is not applicable, as we shall see at once.

In that case the appeal was dismissed because the required revenue stamp had not been affixed to the notice of appeal and incidentally it was said:

"On April 8th, 1925, the District Court of Humacao, in a suit of revendication, overruled a motion for reconsideration of the judgment for want of prosecution (*abandono*) rendered against complainant. The order so rendered, being in fact one for vacation of

the judgment, falls within the class from which an appeal must be taken in ten days.''

That was a judgment for want of prosecution which, as those rendered on default, is an exception to the rule. *Hernaiz Targa & Co.* v. *Vivas,* 20 P.R.R. 99.

As the general rule should be applied to this particular case submitted to our consideration, as no appeal has been taken directly from the order of July 26, 1927, and as the time within which to appeal from that order had expired when the appeal was taken from the order overruling the motion to reconsider, the appeal must be dismissed.